■ In the Matter of JOANN M. SCHOR, Petitioner, v ST. FRANCIS HOSPITAL, Currently Known as MERCY COMMUNITY HOSPITAL, et al., Respondents. — Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated September 20, 1983, which (1) determined that there was no probable cause to believe that respondent hospital engaged in an unlawful discriminatory practice in rejecting petitioner's employment application, and (2) dismissed the complaint.

Determination confirmed and proceeding dismissed, without costs or disbursements.

Petitioner sought employment at respondent hospital in the position of an intravenous (IV) nurse. While the duties of IV nurses do not require any heavy lifting, it was the regular practice of the hospital to utilize the IV nurse as a fill-in for absent or vacationing staff nurses. This substitution of the IV nurse for a staff nurse occurs frequently. In an affidavit submitted on behalf of the hospital, the assistant administrator of nursing indicated that the previous person to hold the IV nurse position was substituted as staff nurse on the average of 14 days each month. She further indicated that a staff nurse must be ready and able to confront emergency life-threatening situations which routinely require the use of physical strength to assist and lift patients and equipment. By her own admission, petitioner was unable to lift more than 15 pounds. The hospital thus rejected petitioner's application because of her physical limitation.

Petitioner subsequently filed a complaint with the New York State Division of Human Rights, claiming that the hospital discriminated against her on the basis of her disability. The Division investigated the complaint and concluded that there was no probable cause to believe that petitioner was the subject of unlawful discrimination.

Pursuant to Executive Law § 298, petitioner sought review by this court and claims that the Division's determination was

arbitrary, capricious, and an abuse of discretion. Respondent hospital raised, as an affirmative defense, the claim that because the notice of petition was not served in the same manner as a summons in an action, it was not properly served, and that, therefore, the proceeding should be dismissed. We disagree with this contention that service was improper and that therefore, jurisdiction over respondent hospital was never established.

This type of proceeding which, in effect, is an appeal to this court, is governed by the rules governing an appeal from a judgment of a court rendered after trial or hearing (*see,* 22 NYCRR 670.14). Hence, service by mail of the papers was sufficient.

However, there was substantial evidence to support the finding that petitioner's disability would have prevented her from performing the requirements of the position in a reasonable manner (*see,* Executive Law §§ 292, 296). Therefore, the Division's determination that there was no probable cause to believe that respondent hospital engaged in unlawful discriminatory practices was not arbitrary or capricious, nor an abuse of discretion. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.